# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES BRANCA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00178-RK |
| | ) |
| TESLA, INC.; FEDERAL BUREAU OF INVESTIGATIONS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's pro se motion for reconsideration. (Doc. 10). After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that Plaintiff's motion for reconsideration is **DENIED**.

## Discussion

On April 2, 2024, the Court denied Plaintiff's motion to proceed *in forma pauperis* and dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. (Doc. 7.) The Court also denied Plaintiff's motion to appoint counsel as moot. (*Id.*) On May 3, 2024, Plaintiff filed a pro se "Affidavit" which requests the Court reconsider its order dismissing his action without prejudice and denying his motions to proceed *in forma pauperis* and to appoint counsel (collectively, "motion to reconsider"). (Doc. 10.)

The Federal Rules of Civil Procedure do not expressly contemplate a "motion to reconsider." *Satterlee v. Internal Revenue Serv.*, No. 6:21-cv-03046-RK, 2022 WL 16966525, at *1 (W.D. Mo. Nov. 16, 2022) (citation omitted). Federal courts generally construe such a motion under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). Rule 59(e) grants courts the power to "rectify its own mistakes in the period immediately following the entry of judgment;" however, the Rule requires that any motion to amend or alter the judgment be filed no later than 28 days after entry of judgment. *Burckhard v. BNSF Ry. Co.*, 837 F.3d 848, 857 (8th Cir. 2016) (quoting *White v. N.H. Dept. of Emp't Sec.,* 455 U.S. 445, 450 (1982)).

The Court issued its Order dismissing this case on April 2, 2024, and Plaintiff filed his motion to reconsider on May 3, 2024, thirty-one days later. (Docs. 7, 10.) To the extent Plaintiff seeks relief under Rule 59(e), the Court denies Plaintiff's request as untimely. *See also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure) (citation omitted).[1]

In contrast, Rule 60(b) permits courts to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)). The Rule is not intended to be a vehicle for seeking reconsideration of merits arguments that were previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After liberally construing and carefully reviewing Plaintiff's motion to reconsider, the Court finds there are no grounds for granting relief under Rule 60(b), either. Plaintiff's motion to reconsider merely revisits the same arguments made in his complaint, specifically, Plaintiff reasserts his claims under 18 U.S.C. § 1590 and 42 U.S.C. § 3631, which the Court previously determined do not provide Plaintiff private causes of action, as well as his employment

---

[1] Even if Plaintiff's motion to reconsider was timely under Rule 59(e), it nevertheless would not provide grounds for relief. Rule 59(e) motions are limited to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). The Court dismissed this case for failure to state a claim and lack of subject matter jurisdiction. Plaintiff's motion fails to point to any evidence of a manifest error of law or fact, or any newly discovered evidence, in this regard.

2

discrimination claim under Title VII of the Civil Rights Act of 1964, which the Court determined did not plausibly allege a Title VII claim for relief. Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. There are no exceptional circumstances here that justify extraordinary relief. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint.

**Conclusion**

Having considered Plaintiff's pro se motion for reconsideration under Rule 60(b), the Court finds it does not meet any of the criteria for relief. The entirety of Plaintiff's motion for reconsideration sets forth arguments and allegations that were made previously. Therefore, the Court **ORDERS** that Plaintiff's pro se motion for reconsideration (Doc. 10) is **DENIED.**

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 21, 2024